**Ronald T. DiGIOVANNI, Petitioner,**

v.

**The FEDERAL AVIATION ADMIN-ISTRATION, Marion C. Blakely, Administrator, Respondent.**

No. 05–2747–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

Ronald T. DiGiovanni, pro se.

Vicki S. Leemon, Manager, Adjudication Branch, Federal Aviation Administration, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges, Hon. EDWARD R. KORMAN,[1] District Judge.

## SUMMARY ORDER

Ronald DiGiovanni, proceeding pursuant to 49 U.S.C. § 46110(a), petitions *pro se* for review of a final order of the FAA denying his request to revise agency regu-lations allowing Class D controlled airspace to revert to Class G uncontrolled airspace during times when the airport traffic control tower is closed. DiGiovanni submits that the requested revision is necessary to promote safety and noise abatement. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Our jurisdiction to entertain this appeal is established by 49 U.S.C. § 46110(c). *See Friends of Gateway v. Slater,* 257 F.3d 74, 77 (2d Cir.2001). Our standard of review, however, is "extremely limited and highly deferential." *Massachusetts v. EPA,* —— U.S. ——, 127 S.Ct. 1438, 1459, 167 L.Ed.2d 248 (2007) (discussing judicial review of agency's refusal to promulgate rule in environmental context) (internal quotation marks omitted). In general, courts will not set aside agency actions unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). When the challenged action is a refusal to initiate rulemaking, the standard may, in fact, operate "at the high end of the range" of deference, so that rulemaking will be judicially ordered "only in the rarest and most compelling of circumstances." *EMR Network v. FCC,* 391 F.3d 269, 273 (D.C.Cir.2004) (internal quotation marks omitted). This is not such a case.

At the outset we note that although DiGiovanni—both before the agency and in this court—questions the safety consequences of the existing FAA rule, that rule was promulgated pursuant to the agency Administrator's statutory authority to "develop plans and policy for the ... navigable airspace and [to] assign by regulation or order the use of the airspace necessary

---

1. The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

to ensure the safety of aircraft and the efficient use of airspace." 49 U.S.C. § 40103(b)(1). Thus, our review is necessarily "limited to the *narrow issues as defined by the denial of the petition for rulemaking,* and does not extend to a challenge of the agency's original action in promulgating the disputed rule." *Nat'l Labor Relations Bd. Union v. Fed. Labor Relations Auth.,* 834 F.2d 191, 196 (D.C.Cir.1987) (emphasis in original) (internal quotation marks omitted).

To begin, in reviewing the denial here at issue, we note that nothing in DiGiovanni's submissions demonstrate that "a significant factual predicate" for the existing rule "has been removed," a circumstance that a sister circuit has described as presenting "one of the strongest potential bases for overturning an agency's refusal to initiate rulemaking." *EMR Network v. FCC,* 391 F.3d at 273 (internal quotation marks omitted). The record in this case satisfactorily demonstrates that, in denying DiGiovanni's request for rule revision, the FAA considered the established criteria for processing such petitions: (1) the immediacy of safety or security concerns raised by the petition, (2) the priority of other issues confronting the FAA, and (3) the availability of FAA resources to address the identified concerns. See 14 C.F.R. § 11.73(a).

With respect to the last two factors, the agency explained that its present commitment of resources to a strategic plan involving fifty rulemaking projects, some mandated by Congress, required it to be selective in adding further rulemaking projects to its agenda. [A15] Such a reason for denying a particular rulemaking request cannot be deemed arbitrary or capricious. *See EMR Network v. FCC,* 391 F.3d at 273 (declining to overturn agency

decision to engage in rulemaking where decision "appears to represent the sort of priority-setting in the use of agency resources that is least subject to second-guessing by courts"). As for the first factor, while the agency agreed with DiGiovanni that it would be "desirable that all airports served by an instrument procedure have controlled airspace," it noted that "this is not always possible." Thus, the FAA explained that it relied on pilots "to be vigilant and follow recommended traffic pattern and communication practices" when operating in uncontrolled airspace. In rejecting DiGiovanni's argument that safety and noise abatement mandated revision of the existing rule, the FAA clarified the order governing the designation of Class D airspace; corrected certain of DiGiovanni's assumptions about pre–1993 control zones; explained that noise abatement policies determined by airport management existed independently of airspace classification; and noted the numerous operational regulations to ensure aircraft safety that applied without regard to airspace classification. DiGiovanni may disagree with the agency's safety assessment, but we cannot identify abuse of agency discretion in the challenged denial.

The petition for review of the FAA's order of April 4, 2005 is hereby DENIED.